IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-58-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AVIN MARSALIS BROWN and | ) | |
| AKBA JIHAD JORDAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court upon motion to seal (DE 60) and proposed sealed motion for extension of time to provide declassified discovery and to file CIPA §4 motion (DE 59). The government offers no basis on the face of the motion for the request to seal. Accordingly, that motion is DENIED.

Just four days ago in this case, after AUSA Jason Kellhofer's legal assistant requested in email sent to the case manager an order from the court on a motion then filed as soon as possible for stated reason not appearing on the face of the motion, the court had cause to admonish as follows, in part:

> For several important reasons, the court's expedited address of a motion should be requested on the face of a motion lodged on the docket, and not separately relayed by an e-mail to the clerk's office by an attorney or his assistant. First, the case manager cannot be expected to read every e-mail immediately when sent given the scope of assigned duties. Therefore, if an attorney wants a decision on an expedited basis, it behooves counsel to place a request for expedited address and the reason for it on the face of the motion or in a separate, contemporaneously filed request for

1

expedited address, on the face of the docket.

> More concerning to the court is that the integrity of the court's proceedings potentially is thwarted when information is relayed informally, in supplement to a filing, outside the scope of the record, and asserted as a basis for specific court action. Situations meriting conveyance of information to the court in the manner relied on here by counsel are very rare, indeed. In such an instance, a true emergency reasonably is said to be looming which is not apparent in this case from the motion itself or from the assistant's e-mail. Nor should counsel in an emergency ever rely on an e-mail to the court to secure its address.

July 21, 2014, Sealed Order, DE 56.

Yet, *today*, the case manager received an email from AUSA Jason Kellhofer's assistant offering grounds for sealing in support of that motion lodged on the docket at entry no. 60, not appearing on the face of the motion to seal, providing therein that "[w]e just filed a sealed motion in this case, docket entry 59. The AUSA wanted you all to be aware that he wanted the document under seal because..." To the extent the government fails to cite any statute or rule on which a request to seal is based, a supporting memorandum is required to be filed, as provided in the court's CM/ECF Policy Manual.

***If the United States Attorney persists in going outside the record to relate basis for specific court action in email to the case manager the government will be called to account for itself at a hearing.***

Rather than protract the underlying issue, of its own initiative the court directs the clerk to SEAL that motion, lodged on the docket at entry no. 59. However, within seven days the government shall filed a REDACTED COPY of the motion for extension of time to provide declassified discovery and to file CIPA §4 motion on the public docket.

The motion for time extension (DE 59) is ALLOWED. The discovery deadline is extended to August 8, 2014, and the deadline for the government to file the CIPA § 4 motion extended now

2

Case 5:14-cr-00058-FL   Document 61   Filed 07/25/14   Page 2 of 3

until August 22, 2014.

SO ORDERED, this the 25th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Court Judge